IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA A. McCUNE
and DANIEL L. McCUNE,
wife and husband,

    Plaintiffs,

v.                                                      Civil Action No. 5:06CV132
                                                                        (STAMP)
GEORGE R. FERNANDEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME**
**AND GRANTING PLAINTIFFS' MOTION TO REMAND**

I.  Background

The above-styled civil action arises out of a motor vehicle accident that occurred on October 22, 2004 between the plaintiff, Patricia McCune, and the defendant, George Fernandez. On October 10, 2006, the plaintiffs filed a complaint in the Circuit Court of Hancock County, West Virginia alleging that the defendant negligently caused the accident and that the plaintiff, Patricia McCune, suffered resulting physical and emotional injuries. On October 20, 2006, the defendant removed the action to this Court. On November 3, 2006, the plaintiffs filed a motion to remand. The defendant filed a motion to extend the time in which to file a memorandum in opposition to plaintiffs' motion to remand, which is hereby GRANTED. Subsequently, the defendant filed a response and the plaintiffs replied.

This Court has considered the motion to remand and the responses and replies thereto and concludes, for the reasons stated below, that the plaintiffs' motion to remand must be granted.

## II. Facts

The plaintiffs allege that on October 22, 2004, on a public road known as Cove Hill Road in Weirton, West Virginia, the defendant negligently drove his motor vehicle into the motor vehicle being operated by Mrs. McCune. The plaintiffs assert that the defendant was negligent in failing to maintain control of his vehicle, in failing to drive at a safe and appropriate speed given prevailing circumstances and conditions, in attempting an illegal turn without the right of way, and in failing to otherwise exercise the due and proper care required under the circumstances. The plaintiffs claim that as a direct and proximate result of the defendant's alleged negligence, Mrs. McCune has suffered physical, emotional, and economic injuries. Additionally, the plaintiffs claim that Mr. McCune has suffered loss of consortium. As relief, the plaintiffs seek damages that will adequately compensate them for their alleged losses, along with pre-judgment and post-judgment interest and costs.

## III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A

federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

IV. Discussion

In their motion to remand, the plaintiffs do not deny that diversity exists, because they are citizens of West Virginia and the defendant is a citizen of Ohio. Rather, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a

3

preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence establishing that the actual amount in controversy exceeds $75,000.00, exclusive of interests and costs. See id.

In this case, the defendant argues that the amount in controversy is met because prior to the filing of the instant action, the plaintiffs submitted a claim to the defendant's insurance company seeking payment of the policy limits of $100,000.00. Additionally, the defendant argues that the plaintiffs' claims for special damages will approach $10,000.00 and that, when combined with potential future damages and the plaintiffs' claims for annoyance and inconvenience, "one can easily reach the conclusion that a recovery on the merits at the time of removal could be $75,000.00." (Def.'s Resp. to Pls.' Motion to Remand 7.)

Mere speculation, however, cannot satisfy the defendant's burden of proving the amount in controversy by a preponderance of the evidence. A defendant seeking removal must supply competent evidence to support his contention that the amount in controversy is exceeded. In this case, the defendant has failed to offer sufficient proof that the requisite jurisdictional amount has been satisfied. The plaintiffs' complaint does not set forth a total

monetary sum requested. However, in their complaint, the plaintiffs identify the following damages: past medical expenses in excess of $6,219.00 and future medical expenses for treatment of alleged permanent neck injuries; $2,500.00 in out-of-pocket expenses for hiring another person to clean Mrs. McCune's beauty shop business when she was unable; undetermined amount of wage loss; and loss of consortium. Taken together, the plaintiffs' specific monetary demands total only $8,719.00. While this amount is not dispositive of the value of this civil action because it does not include figures for those damages for which the plaintiffs did not identify specific amounts, it does provide some indicia as to the amount of damages involved, which is far from the $75,000.00 jurisdictional minimum.

The defendant emphasizes the fact that the plaintiffs have refused to sign a stipulation that would provide for a total amount in controversy of no greater than $72,500.00. However, as the defendant himself notes, the refusal to sign an agreement stipulating to the amount in controversy does not establish the requisite amount in controversy. See Gramc v. Millar Elevator Co., 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998).

Additionally, the defendant's reliance on the plaintiffs' initial pre-suit settlement demand of the policy limits is not persuasive in light of the current settlement posture. At the time the plaintiffs' motion to remand was briefed, the settlement

demands of the parties fell below the jurisdictional minimum.  Pre-suit, the defendant's insurance carrier offered $17,000.00. Following initiation of this litigation, the plaintiffs made a revised, post-filing demand of $72,500.00.  Although settlement offers are not determinative of the amount in controversy, they do count for something.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).  Finally, the plaintiffs make no bad faith allegations and no allegations of gross negligence or recklessness which might warrant a punitive damages award.  Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum

Accordingly, this Court finds that the defendant has failed to establish that plaintiffs' claim exceeds the $75,000.00 jurisdictional minimum and the plaintiffs' motion to remand must be granted.  Nothing prevents the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable.  28 U.S.C. § 1446(b).[1]

---

[1] Obviously, the case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.  28 U.S.C. § 1446(b).

V. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED.[2] Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Hancock County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Hancock County, West Virginia.

DATED: May 7, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The defendant's motion to extend the time in which to file a memorandum in opposition to plaintiffs' motion to remand is also GRANTED because the defendant's response was considered by the Court when analyzing the plaintiffs' motion.